IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONG BAO NGO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER<br><br><br><br>Case No. 2:07-CR-377 TS |

This matter comes before the Court on Defendant's Appeal of Detention Order.[1] For the reasons stated below, Defendant's appeal is denied and Defendant will continue to be detained pending the resolution of this matter.

I.  BACKGROUND

Defendant was indicted, on June 13, 2007, in a one count Indictment for conspiracy to distribute MDMA or ecstacy in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.[2] The Indictment alleged a conspiracy beginning not later than August 1, 2001, and continuing through

---

[1]Docket No. 20.

[2]Docket No. 1.

at least September 24, 2006.[3]  It is alleged that during this five year period, over 100,000 tablets of MDMA were distributed.

This matter came before the Magistrate Judge for an evidentiary detention hearing on July 9, 2007.  At that hearing, the Magistrate Judge found that Defendant was a danger to the community and ordered him detained pending the resolution of this matter.  Defendant then filed this appeal.

## II.  STANDARD

Local rule 57-16(a)(1) provides that "[a]ny party is entitled to appeal a magistrate judge's order releasing or detaining a defendant under 18 U.S.C. §§ 3143 et. seq."  This Court's review of the detention order is to be conducted *de novo*.[4]

The Court notes that, as a general rule, the presumption lies in favor of release of a defendant, unless certain other factors are present that make release of the defendant unsafe or impractical.  However, in certain cases, the presumption shifts.  18 U.S.C. § 3142(e) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  The count contained in the Indictment carries a potential penalty of twenty years of imprisonment under the Controlled Substances Act.

---

[3]*Id*.

[4]DUCrimR 57-16(a)(1).

Therefore, the Court finds that there is a presumption in favor of detention of Defendant, subject to his rebuttal.

Further, subsection (g) to § 3142 sets forth factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Those factors include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person to the community upon release.

### III.  ANALYSIS

Based upon the testimony and evidence received at the hearing, and having reviewed the Magistrate Judge's detention order *de novo*, the Court finds that detention is appropriate.

As noted above, as a result of the count charged in the Indictment, Defendant is subject to the presumption contained in Section 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Defendant has failed to overcome that presumption. While the Court acknowledges that there is some evidence that Defendant may have changed his life recently, the factors set out in Section 3142(g) weigh against release.

Turning to those factors, the Court notes that the offense charged is a serious one. The Indictment alleges a conspiracy to distribute MDMA over a period of approximately five years. The government proffered that approximately 100,000 tablets of MDMA were distributed over this period. No evidence was offered by Defendant to counter this proffer. Thus, this factor weighs in favor of detention.

Defendant did not challenge the weight of the evidence against him.  Therefore, this factor also weighs in favor of detention.

Turning to the history and characteristics of the Defendant, the Court notes that Defendant has had a long and significant history of violence, drug dealing, and gang affiliation. While Defendant proffered some evidence that this may have changed recently, the Indictment alleges drug dealing activity from 2001 to 2006.  Further, Defendant did not dispute the government's allegation of ongoing gang affiliation.  Therefore, the history and characteristics of the Defendant weigh in favor of continued detention.

Finally, the nature and seriousness of the danger posed by Defendant to the community upon release weighs in favor of detention.  It is undisputed that Defendant, a convicted felon, had three loaded firearms in his house at the time of his arrest.  While Defendant proffered that these firearms were legally purchased by his wife, it is undisputed that these firearms were available to him and were placed in various locations throughout the house.  Additionally, the government proffered evidence that Defendant, after the last detention hearing, made a threat on the life the Assistant United States Attorney involved in this case.  Such an allegation must be taken seriously.

For all of the reasons set forth above, the Court finds that the presumption contained in Section 3142(e) applies here, Defendant has failed to overcome that presumption, and the factors set forth in Section 3142(g) all weigh in favor of detention.

## IV.  CONCLUSION

Having reviewed the Magistrate Judge's detention order *de novo*, the Court finds that there is clear and convincing evidence that Defendant is a danger to a person or to the community and should be detained pending trial.  It is therefore

ORDERED that Defendant's Appeal of Detention Order (Docket No. 20) is DENIED and the Order of Detention Pending Trial remains in effect.

DATED   August 23, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge